UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY AND BRENDA PARENT,

      Plaintiff,

v.                                                 Case No. 09-C-951

HOME DEPOT U.S.A., INC., et al.,

      Defendants.

**DECISION AND ORDER**

Plaintiffs Timothy and Brenda Parent filed this action against Defendants Home Depot and Citibank in Wisconsin state court on August 11, 2009. Defendants removed the case to federal court under 28 U.S.C. § 1332. Plaintiffs then filed an amended complaint asserting ten claims against Defendants all arising from a particular credit transaction, and Defendants moved to dismiss nine of the ten claims brought against them. On June 11, 2010, this Court dismissed seven of Plaintiffs' ten claims against Home Depot, leaving only claims one, three, and four remaining. On January 20, 2011, the Court approved the stipulation of dismissal with prejudice of all Plaintiffs claims against Citibank. On January 14, 2011, after a substantial period of time for discovery, Home Depot moved for summary judgment on the remaining claims. For the reasons set forth below, Home Depot's motion for summary judgment will be granted on all remaining claims.

**BACKGROUND**

This dispute results from the purchase of a log cabin package and other miscellaneous building supplies from Home Depot in 2005. Tim Parent, owner of the limited liability company

Crivitz Log Cabins (CLC), routinely purchased supplies from Home Depot for use in his cabin-building business. On August 26, 2002, Plaintiffs applied for a Home Depot credit card account which they used to purchase products from Home Depot. In April, 2005, Lee Krahenbuhl entered into an agreement with Tim Parent/CLC to build a log cabin for speculative resale. Pursuant to this agreement, CLC would provide contracting and labor for the project while Krahenbuhl would provide funding for supplies. The two parties would then share the profits from resale. Krahenbuhl applied for and was issued a Home Depot credit card by Citibank, on which he ordered a log cabin package (Package #1) for $9,761.64 and made another purchase for $29.96. Home Depot delivered Package #1 to the building site, and a CLC employee signed for it there. CLC then built the cabin as agreed.

In summer of 2005, a business dispute arose between Krahenbuhl and CLC, which led Krahenbuhl to call both Home Depot and Citibank to dispute the charges for Package #1 and $29.96 on his credit card. Citibank investigated the transaction—including documentation of the transaction that it requested from Home Depot—and in October, 2005, Citibank moved the charges for Package #1 and $29.96 from Krahenbuhl's Home Depot credit card to Timothy and Brenda Parent's Home Depot credit card.

On November 7, 2005, Timothy Parent ordered another log cabin package (Package #2) for $8,864.34 on Timothy and Brenda Parent's credit card. Timothy Parent attempted to cancel the order in February, 2007, but later found out that the charge had already been canceled. The Parents initially believed the $9,761.64 charge on their card, labeled "misapplied sale," was for the Package #2 order, and the communications between Home Depot and the Parents furthered this belief. After finally realizing in February of 2007 that the $9,761.64 charge was for Package #1, and that it had been moved from Krahenbuhl's card to their own, Plaintiffs contacted Home Depot and Citibank

requesting removal of these two unauthorized charges from their credit card. Despite the Parents' requests, neither Home Depot nor Citibank took any action to remove the charges.

As noted, Plaintiff's amended complaint contained ten claims against Home Depot and Citibank. On June 11, 2010, this Court dismissed seven of those claims, with three remaining claims under Wisconsin state consumer transactions law. Home Depot's motion for summary judgment relates to the three remaining claims from Plaintiff's Amended Complaint. All of these remaining claims deal with the requirements of the Wisconsin Consumer Act. Claim one alleges that Home Depot violated Wisconsin Statute section 427.104(1)(j); claim two alleges violation of Wisconsin Statute section 427.104(1)(c); claim three alleges violation of Wisconsin Statute section 421.108; and claim four alleges that Home Depot intentionally misrepresented facts in violation of sections 421 to 427.

## ANALYSIS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Facts are construed in the light most favorable to the non-movant. *Poer v. Astrue*, 606 F.3d 433, 438-39 (7th Cir. 2010). The purpose of summary judgment is to "dispose of claims that have no factual support" before moving on to trial. *Vukadinovich v. Bd. Of School Trutees of N. Newman Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002). It is not regarded as a "disfavored procedural shortcut, but rather as an integral part of the Federal Rules . . . designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)(internal quotations omitted).

The burden of each party to a summary judgment motion depends on whether that party will bear the burden of proof at trial. If, as here, the party seeking summary judgment does not bear the burden of proof at trial, that party must only "identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. Then the burden shifts to the non-movant to "make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322.

Reflecting this standard, the Seventh Circuit has often referred to summary judgment as the "put up or shut up" time in litigation. *Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010); *see also Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 476 (7th Cir. 2010); *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2008). At this time, the non-moving party must provide "evidence on which a reasonable jury could rely" sufficient to show there are issues of fact meriting consideration by a jury. *Goodman*, 621 F.3d at 654. "The mere existence of an alleged factual dispute" will not be sufficient to overcome a motion for summary judgment. *Vukadinovich*, 278 F.3d at 699. Successful opposition of summary judgment must include the presentation of "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000).

The Parents, as Plaintiffs, bear the burden of proof on their allegations in this case. To survive the Defendant's motion for summary judgment in this case, the Parents hold the burden of going beyond the allegations and providing sufficient evidence to show that each of their claims merits a trial. Plaintiffs must offer "definite, competent evidence" of each of their remaining three claims against Home Depot. *Id.*

1. *Claim One: Wisconsin Statute § 427.104(1)(j) Prohibited practices*

Plaintiff's first claim alleges that Home Depot violated Wisconsin Statute section 427.104(1)(j), which states as follows:

> In attempting to collect an alleged debt arising from a consumer credit transaction or another consumer transaction . . . where there is an agreement to defer payment, a debt collector may not: . . . (j) Claim, or attempt to threaten to enforce a right with knowledge or reason to know that the right does not exist.

Wis. Stat. § 427.104(1)(j). At its threshold, this statute requires that the defendant was "attempting to collect an alleged debt" when it carried out part (j) of the statute. *Id.* Plaintiff's alleged debt in this case is owed to Citibank, not to Home Depot—which did not extend any credit to Plaintiffs itself. However, Plaintiffs argue that whether Home Depot receives payment for the $9,761.64 worth of goods it delivered may ultimately depend on the outcome of Citibank's collection of this money. Thus, they argue, with a direct monetary interest in whether Citibank recovers the $9,761.64 from Plaintiffs, Home Depot's actions and interactions with Plaintiffs could potentially be seen as "attempting to collect an alleged debt."

Plaintiffs argue that this is a material issue of fact because Home Depot "has supplied *no* evidence showing that it has been, or ever *will* be paid for the disputed charge by Citibank," or that it has any monetary interest in the outcome of Citibank's debt collection efforts. (Pl. reply Dkt. # 62 p. 15). As noted, however, the burden on summary judgment lies with the Plaintiffs, not Defendant, to offer evidence supporting this claim. *Celotex Corp.*, 477 U.S. at 322-23. Plaintiffs were required to go beyond the allegations in their pleadings and show "definite, competent evidence" suggesting a legitimate factual issue as to whether Home Depot has an interest in this matter as a debt collector. *EEOC*, 233 F.3d at 437.

Instead, Plaintiffs have relied solely on allegations without any actual evidence. In short, Plaintiffs have not "put up" even the smallest piece of evidence beyond mere allegation to prove this claim and have not met the burden required by *Celotex*.

Plaintiff's subsequent arguments with regards to section (j) are moot because there is no evidence to support the threshold allegation that Defendants participated in any conduct in the capacity of "attempting to collect an alleged debt." Wis. Stat. § 427.104(1)(j). Without evidence suggesting that Home Depot may have acted in the capacity of a debt collector, this claim fails as a matter of law.

2.  *Claim Two: Wisconsin Statute § 427.104(c)(1)*

Plaintiffs' second claim is that Home Depot violated Wisconsin Statute section 427.104(1)(c), which prohibits the following:

> Disclos[ing] or threaten[ing] to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false.

Wis. Stat. § 427.104(1)(c). In its June 11, 2010, decision, the Court dismissed claim two on the grounds that it was preempted by the federal Fair Credit Reporting Act. (Dkt. #33 p. 10) Nonetheless, as both Home Depot's and the Plaintiffs' briefs in this motion argue for or against summary judgment on claim two, the Court will address this dismissed claim.

Claim two suffers from the same threshold problem as claim one. Section 427.104(1) requires that the party was acting "in attempting to collect an alleged debt." Wis. Stat. § 427.104(1)(c). Plaintiffs have offered no evidence that Home Depot was acting in this capacity.

Plaintiffs illustrate their own failure to overcome the rest of their burden on claim two when they argue, "Home Depot has not supplied information from which the Court can determine that it

did not supply information to a credit reporting agency or other person." (Pltf. reply Dkt. # 62 p. 17). It may be true that Home Depot has not supplied any such information. However, the standard to overcome this motion for summary judgment requires that *Plaintiffs* provide some evidence that Home Depot "disclose[d] or threaten[ed] to disclose information affecting Plaintiffs' creditworthiness." Wis. Stat. § 427.104(1)(c). Plaintiffs have not only failed to meet the threshold requirement for the statute to apply, but have also failed to provide any evidence that Home Depot has violated part (c). Plaintiffs have again failed to meet the burden to overcome summary judgment on this claim.

3. *Claim Three: Wisconsin Statute § 421.108 Obligation of good faith*

Plaintiffs' third claim is that Home Depot violated Wisconsin Statute section 421.108, which states,

> Every agreement or duty within ch[apter]s 421 to 427 imposes an obligation of good faith in its performance or enforcement. 'Good faith' means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing.

Wis. Stat. § 421.108. Plaintiffs' "good faith" claim asserts that Home Depot's conduct violated standards of commercial decency and resulted in unconscionable treatment of Plaintiffs. While it is true that section 421.108 requires good faith, it does so only in the performance or enforcement of duties or agreements within chapters 421 to 427. Plaintiffs do not specify which duty Home Depot may have been performing in the activities they complain about, nor do they suggest Home Depot was attempting to enforce any agreement. Instead, the crux of this allegation against Home Depot relates to the information it gave to Citibank about the debt. The statute does not create a generalized duty to operate in good faith but merely requires good faith in performing or enforcing duties or agreements set forth in chapters 421 to 427. In fact, the statute Plaintiffs rely on has never

been cited in a Wisconsin case. Without any specific link to a duty or agreement set forth elsewhere in the statute, Plaintiffs' "good faith" claim fails.

    4.    Claim Four: Intentional Misrepresentation

The first misrepresentation claim described in Plaintiffs' brief seems merely to assert that Home Depot lied *to Citibank*, not to the Plaintiffs, about the nature of the debt. Plaintiffs have not cited any cases suggesting that a third party can sue under a misrepresentation theory. The essence of this claim is that Home Depot disparaged Plaintiffs' credit by lying about a debt to another party, but that claim has been dealt with elsewhere. It is not, in short, a misrepresentation claim.

The subsequent misrepresentation claims do assert that Home Depot employees lied directly to the Parents. Tim Parent's deposition states that when Tim questioned Home Depot about the charges marked "misapplied sale," Home Depot "told [him] it was that other materials [he] ordered." (Tim Parent Depo p. 109 line 21-22). Plaintiffs seem to deem this statement a misrepresentation of fact, but have again failed to provide evidence of intent, or of a legal theory holding Home Depot liable for misrepresentation under the Consumer Transactions Statutes. Plaintiffs' common law misrepresentation claims were dismissed for a lack of detrimental reliance. (Doc. 33 p. 11). This claim remained because it alleged violation of the Wisconsin Consumer Act. However, as with claim three, Plaintiffs have failed to specify any particular section of Wisconsin Statutes 421 to 427 which Home Depot may have violated through intentional misrepresentation. In fact, claim four seems to repeat claim three's general allegations of bad faith under section 421.108.

Furthermore, Plaintiffs' claim that Home Depot told Brenda Parent it would intervene with Citibank is simply without an evidentiary basis, and is not supported by the cited exhibit (Baldauf Depo. Ex. 1). Plaintiffs have not provided sufficient evidence to merit a trial on these claims.

5. Motion to Strike Reply Brief and "Supplemental" Affidavits

Finally, Plaintiffs' argument that Home Depot's materials in support of summary judgment are not admissible is moot because this summary judgment decision stands on its own, apart from any evidence offered by the moving party. Defendant's additional evidence is unnecessary in light of Plaintiffs' failure to provide sufficient evidence to support their allegations. There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex Corp.*, 477 U.S. at 323.

## CONCLUSION

The Plaintiffs in this case have failed to put up actual evidence showing a dispute of material fact to be determined at trial. Therefore, Plaintiffs have not met the burden required to overcome Defendant's motion for summary judgment. The Defendant's motion for summary judgment is **granted** as to all remaining claims in this case. The Clerk is directed to enter judgment dismissing all claims in favor of Home Depot.

**SO ORDERED** this   5th   day of July, 2011.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge