UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY AND BRENDA PARENT,

    Plaintiff,

v.                                                                                        Case No. 09-C-951

HOME DEPOT U.S.A., INC., et al.,

    Defendant.

**ORDER DENYING MOTION FOR RECONSIDERATION**

On August 5, 2011, the Court granted Home Depot's motion for summary judgment on all of Plaintiffs Timothy and Brenda Parent's remaining claims regarding Defendant Home Depot's handling of a credit card transaction. The Parents had previously settled their claim against Defendant Citibank, the issuer of the credit card. In granting summary judgment in favor or Home Depot, the Court concluded that there was no evidence that Home Depot acted as a debt collector for the credit card issued by Citibank, the breach of obligation of good faith was not an actionable claim, and there was no evidence of misrepresentation by Home Depot towards the Parents. The issue is again before the Court on the Parent's motion for reconsideration. For the reasons that follow, the motion will be denied.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), aff'd 736 F.2d 388

(7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.' " *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill.1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990).

In support of their request for reconsideration, the plaintiffs argue that this Court erred by not ruling on their objections to evidence presented in Home Depot's materials in support of summary judgment. The plaintiffs further contend that this Court's analysis of their claim under the Wisconsin Consumer Act is inconsistent with case law holding that merchants are liable under the Act for the actions of their debt collectors. The first argument reflects the plaintiffs' continued misunderstanding of federal summary judgment procedure, and as to the second, the plaintiffs have failed to present any evidence even at this late date that would suggest that Home Depot acted as a debt collector in this matter or that CitiBank was collecting Home Depot's debt.

The Court explained the burden of each party to a summary judgment motion in its original opinion. Because in this case the party seeking summary judgment, Home Depot, does not bear the burden of proof at trial, that party must only "identify[] those portions of [the record] which it believes demonstrate the absence of genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movants, the plaintiffs, to "make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322.

In this case, the Parents' primary claim against Home Depot was that it had violated Section 427.104(1)(j) of the Wisconsin Statutes, that part of the Wisconsin Consumer Act that addresses debt collection, by "claiming a right to payment from the Parents or threatening to enforce a right

2

of payment from the Parents with knowledge or reason to know that said right did not exist." (Am. Compl. ¶ 75.) Specifically, the Parents alleged that a charge of approximately $9,700 for a log cabin kit had been improperly transferred to Brenda Parent's Home Depot Citibank credit card account from that of Dr. Lee Krahenbuhl, Timothy Parent's former business partner, without the Parent's permission or consent. Despite repeated efforts to have it removed from Brenda's account, the Parents alleged that neither Home Depot nor Citibank would remove the charge which continued to accumulate interest and penalties, causing them severe emotional distress and adversely affecting their ability to obtain credit.

Home Depot argued in its motion for summary judgment that it could not be liable under Section 427.104(1)(j) because it had never claimed a right to payment from the Parents or threatened to enforce a right of payment. Home Depot supported its motion with its proposed findings of fact, citing evidence set forth in affidavits of both Citibank and Home Depot personnel, that explained the underlying relationship between the Parents, Citibank, and Home Depot. In a nutshell, Home Depot's proffered evidence explained that the Parent's Home Depot credit card was issued by Citibank pursuant to a written agreement between Brenda Parent and Citibank, to which Home Depot was not a party. (Home Depot's Statement of Uncontested Facts ("SUF") ¶ 21.) When the Parents, or any Home Depot customer, used their credit card to make a purchase from Home Depot, Citibank paid Home Depot directly and charged the amount of the purchase to the customer's credit account with Citibank. (SUF ¶ 23.) Citibank, not Home Depot, then sent monthly statements to the customer, charged interest on any unpaid balances, reported the customer's credit history, and engaged in collection efforts. (*Id.*)

3

Case 1:09-cv-00951-WCG    Filed 10/31/11    Page 3 of 8    Document 81

With respect to the purchase at issue in this case, Home Depot presented evidence in the form of an affidavit by its regional sales manager that Home Depot was paid by Citibank for the log cabin kit later charged to Brenda Parent's credit account in April 2005, some six months before the charge was transferred from Dr. Krahenbuhl's Citibank credit account to hers. (Aff. of Robert Pold ¶ 11; SUF ¶ 17.) After that point, Home Depot contends, its only involvement consisted of answering questions posed by both the Parents and Citibank after Dr. Krahenbuhl disputed the charge to his account. Citibank moved the charge to the Parent's account after it learned from the documentation supplied by Home Depot that Timothy Parent had provided Home Depot the building plans or list of materials to be purchased for use in the construction of the log cabin, reviewed and signed the "run sheet" listing the materials, signed the "Waiver and Release of Liability" authorizing curbside delivery of the materials as "customer," and reviewed and signed the "Customer Checklist" as "customer." (SUF ¶¶ 5-9; 17.)

The plaintiffs' primary response to Home Depot's motion was to challenge the admissibility of the evidentiary materials and affidavits Home Depot had submitted in support of its motion. Rather than rule on Plaintiffs' objections, which were overly technical and, on the whole, without merit, the Court turned to the absence of evidence offered by the plaintiffs on essential elements of their claim. On reconsideration, the plaintiffs contend that because this Court chose not to rule on the admissibility of Home Depot's submissions, the Court erred in focusing on the plaintiffs' failure to present sufficient evidence to create a material issue of fact. The argument betrays Plaintiffs' misunderstanding of how summary judgment operates in federal court.

Although the plaintiffs concede that summary judgment in federal court is governed by federal law, they cite exclusively to Wisconsin court decisions to support their argument that the

4

Case 1:09-cv-00951-WCG    Filed 10/31/11    Page 4 of 8    Document 81

Court improperly shifted the burden to them. The Court explained summary judgment methodology in federal court in its original decision and will not repeat that discussion here. Suffice it to say that while the federal and state rules governing the procedure are almost identical, *Celotex* and its progeny make clear that summary judgment operates in a significantly different manner in federal court than it does in the Wisconsin state courts. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In Wisconsin state court, summary judgment is still considered a "drastic remedy," *Town Bank v. City Real Estate Development, LLC*, 2010 WI 134, ¶ 31, 330 Wis.2d 340, 793 N.W.2d 476, that should not be granted "'unless the moving party demonstrates a right to a judgment with such clarity as to leave no room for controversy.'" *Konneker v. Romano*, 2010 WI 65, ¶ 22 326 Wis.2d 268, 785 N.W.2d 432 (quoting *Grams v. Boss*, 97 Wis.2d 332, 338, 294 N.W.2d 473 (1980)). In federal court, in contrast, summary judgment has become "the 'put up or shut up' moment in litigation [when] the non-moving party is required to marshal and present the court with the evidence she contends will prove her case." *Goodman v. National Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). At least that is how a federal summary judgment motion functions when the non-moving party is the one who has the burden of proof at trial. "The moving party is 'entitled to a judgment as a matter of law' [when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. Since this case is in federal court, it was not error to insist that federal procedural law be followed. Home Depot's submissions were more than sufficient to identify that portion of the record that demonstrated the absence of evidence needed to move forward to a trial.

The Parent's second argument is that they presented evidence that Home Depot was a debt collector under the Wisconsin Consumer Act. Motions for Reconsideration are "not a chance for

5

a second bite." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 664 (Fed. Cir. 1986). The Parents have failed to present any new facts or evidence to encourage this Court to reconsider its original ruling. The Parents cite cases that a principal may be held liable for the actions by its agent, *Patzka v. Viterbo College*, 917 F. Supp. 644 (W.D. Wis. 1996), but have failed to demonstrate the existence of evidence from which a jury could conclude that in this instance Citibank was an agent of Home Depot. Indeed, the undisputed evidence indicates just the opposite. The fact that payments could be dropped off at Home Depot stores does not make Home Depot a debt collector for Citibank anymore than dropping them off in the mail makes the U.S. Postal Service a debt collector. Likewise, the fact that online payments for a Citibank credit card issued for Home Depot purchases could be made at a website named myhomedepotaccount.com does not make Home Depot a collector of Citibank debt. Home Depot offered nothing more to establish that Home Depot was collecting a debt.

Home Depot, on the other hand, submitted in support of its motion an affidavit of Elizabeth Barnette, an officer of CitiCorp Credit Services, Inc. (USA), a servicing company for Citibank. Barnette averred under oath that as part of her duties she was a custodian of records for Citibank and was familiar with and had access to credit card accounts, including the credit card accounts at issue in the case. She described the agreements that existed between Citibank and its credit card holders. The plaintiffs' objections that the affidavit does not provide an adequate foundation and is based on hearsay are summarily overruled. Barnette's affidavit sets forth ample foundation for her statements concerning the manner in which Citibank Home Depot credit cards operate. Moreover, a statement as to what a contract or agreement consists of is not hearsay. *See Schindler v. Seiler*, 474 F.3d 1008, 1010-11 (7th Cir. 2007) ("Statements that constitute verbal acts (e.g.,

6

words of contract or slander) are not hearsay because they are not offered for their truth."); *see* also Fed. R. Evid. 801(c) Advisory Committee Notes (noting that the Rule 801(c) excludes from the definition of hearsay "'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties or is a circumstance bearing on conduct affecting their rights.").

From this evidence, it appears undisputed that the only debt at issue in the case belonged to Citibank, not Home Depot. This fact alone is sufficient to distinguish this case from *Patzka v. Viterbo College*, on which Plaintiffs place great reliance. In *Patzka*, the college sought to collect a debt it was owed for tuition, books, housing and meals, to which it added interest and collection fees, before it assigned the debt to an outside agency for collection. 917 F. Supp. at 657. Under the facts of the case, it was undisputed that the college was a debt collector since it had engaged in action to collect its own debt. *Id.* at 661. But the two-year statute of limitations expired as to the college's actions and the question before the court was whether the collection agency's actions could be imputed to the college under agency principles. The court held that on public policy grounds that creditors could be held liable for the acts of collection agencies they utilize on a regular basis. Such a rule, the court noted, would advance the purposes of the fair debt collection statute. *Id.* at 661.

Here, by contract, Home Depot was paid pursuant to its agreement with Citibank when the purchase was originally posted to Dr. Krahenbuhl's credit account. The Parents owed no money to Home Depot, and Home Depot never claimed that they did. If anyone was trying to collect a debt it was Citibank. Home Depot's providing documentation concerning the transaction at issue to Citibank did not transform Home Depot into an agent for Citibank any more than the Parent's providing information to Citibank made them Citibank's agent. The plaintiffs presented no

7

evidence in response to Home Depot's motion that would permit a jury to find that Home Depot engaged directly or indirectly in debt collection, or that it either claimed a right to payment from the Plaintiffs or threatened to enforce such a right. On this record, summary judgment dismissing the Parent's claim under Section 427.104 was not in error.

The Parent's other claims against Home Depot are even weaker, and the Parents offer no reason for the Court to reconsider its previous ruling on them. A claim neither party addressed was the plaintiffs' claim for breach of contract, Count V of the Amended Complaint, which was inadvertently omitted from the listing of the claims that remained after the defendants' motion for partial dismissal was granted. That claim was not addressed in the motion, but neither party has addressed it since. When the Court inquired of it at the hearing, neither party could point to a contract that Home Depot might have breached, and the record discloses none. I conclude that the breach of contract claim has been abandoned and order it dismissed as well.

In sum, the Court remains convinced that Home Depot fulfilled its burden in summary judgment shifting the burden to the plaintiffs, who did not fulfill their burden. Accordingly, the motion for reconsideration is denied.

**SO ORDERED** this  31st  day of October, 2011.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge